ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| MESH SUTURE, INC.<br><br>Recurrido<br><br><br>v.<br><br><br>FIRSTBANK PUERTO RICO Y OTROS<br><br>Peticionario | KLCE202401142 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Número:<br>SJ2022CV10020<br><br>Sobre:<br>INTERDICTO PERMANENTE; DAÑOS Y PERJUICIOS |

Panel integrado por su presidenta, la Jueza Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

*Prats Palerm, Jueza Ponente*

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 18 de noviembre de 2024.

Comparece FirstBank of Puerto Rico ("Peticionario" o "FirstBank") mediante *Petición de Certiorari* y solicita la revisión de la *Resolución* emitida y notificada el 6 de agosto de 2024 por el Tribunal de Primera, Sala Superior de San Juan ("TPI"). Mediante el referido dictamen, el TPI denegó la solicitud de desestimación instada por FirstBank, por prescripción y dejar de exponer una alegación que justifique la concesión de un remedio. al amparo de la Regla 10.2 (5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2 (5).

Por los fundamentos que expondremos a continuación, se *deniega* la expedición del auto solicitado.

**I.**

El 15 de noviembre de 2022, Mesh Suture, Inc. ("Recurrido" o "Mesh Suture") presentó una *Demanda* sobre daños y perjuicios e interdicto permanente en contra de FirstBank. Posteriormente, el 19 de abril de 2023, el Recurrido radicó una *Primera Demanda Enmendada*, a los únicos efectos de incluir a la aseguradora de FirstBank, AIG Insurance Company ("AIG).

Tras varias instancias procesales, el 5 de junio de 2024, Mesh Suture, presentó una *Segunda Demanda Enmendada*, con la intención de enmendar

las alegaciones de la demanda. En síntesis, el Recurrido alegó que, alrededor del 16 de enero de 2020, Mark Schwartz ("Dr. Schwartz"), acudió a una sucursal de FirstBank y abrió tres (3) cuentas bancarias a nombre del Peticionario, con la intención de que funcionaran como cuentas de "*debtor-in-possession*" de Mesh Suture, en un caso ante el Tribunal de Quiebras Federal para el Distrito de Puerto Rico. Particularmente, sostuvo que, la apertura de las cuentas permitió que el Dr. Schwarz se apropiara ilegalmente de no menos de $360,000.00 pertenecientes a Mesh Suture.

Además, adujo que, el Dr. Schwartz le informó a la institución bancaria que el Dr. Gregory Dumanian ("Dr. Dumanian") era dueño de un 40.6% de las acciones de la corporación. Como corolario, sostuvo que, FirstBank fue negligente al no obtener el consentimiento del Dr. Dumanian, previo a autorizar la apertura de las cuentas.

Por otra parte, el Recurrido señaló que, las cuentas abiertas en enero de 2020 fueron cerradas por inactividad. No obstante, expresó que, alrededor del 10 de diciembre de 2020, el Dr. Schwartz acudió, nuevamente, a FirstBank y abrió tres (3) cuentas adicionales a nombre de Mesh Suture. Asimismo, sostuvo que, advino en conocimiento de la negligencia del Peticionario en enero de 2022, cuando la Corte Federal, en el Caso No. 21-0473(RAM), le ordenó a FirstBank producir ciertos documentos.

El 12 de julio de 2024, FirstBank presentó una *Moción de Desestimación de la Segunda Demanda Enmendada*, por prescripción y por dejar de exponer una reclamación que justificara la concesión de un remedio. Específicamente, el Peticionario adujo que, las obligaciones provenientes del *Patriot Act* y el *Bank Secrecy Act* son oponibles frente al gobierno federal, no frente a personas o entidades privadas como FirstBank. A su vez, sostuvo que, la causa de acción estaba prescrita, ya que, Mesh Suture conocía desde, al menos, el 25 de agosto de 2021, que el Dr. Schwartz depositó $360,000.00, pertenecientes a la corporación, en una cuenta de FirstBank. Arguyó, además, que la solicitud de *injunction* permanente era académica, toda vez que las cuentas bancarias abiertas a nombre de Mesh Suture ya habían sido

cerradas. En apoyo, el 15 de julio de 2024, AIG presentó una *Moción para Unirse a la Desestimación Presentada por FirstBank Puerto Rico*.

Por su parte, el 2 de agosto de 2024, Mesh Suture presentó su *Oposición a la Moción de Desestimación*. El Recurrido señaló que, la acción en daños y perjuicios se presentó bajo el Artículo 1802 del Código Civil de 1930, 31 LPRA ant. sec. 5141, y el Artículo 1536 del Código Civil, 31 LPRA sec. 10801, y no bajo el *Patriot Act* o el *Bank Secrecy Act*, según alegado por el Peticionario. Por otro lado, arguyó que, conoció sobre los actos culposos de FirstBank alrededor del 10 de enero de 2022 y, por tanto, presentó la acción dentro del término prescriptivo de un (1) año. De igual manera, expresó que, no procede la desestimación de la solicitud de *injunction* porque, conforme surge de los hechos alegados en la demanda, en diciembre de 2020, el Dr. Schwartz abrió tres (3) nuevas cuentas, las cuales permanecen abiertas.

El 6 de agosto de 2024, el TPI dictaminó una *Resolución*, mediante la cual declaró *No Ha Lugar* la moción de desestimación instada por FirstBank y le ordenó al Peticionario presentar su contestación a la segunda demanda enmendada. Insatisfecho, el 21 de agosto de 2024, FirstBank radicó una *Moción de Reconsideración y/o Para Determinaciones Adicionales*. Consecuentemente, el 22 de agosto de 2024, AIG se unió a la solicitud de reconsideración instada por FirstBank. Por su parte, el 13 de septiembre de 2024, Mesh Suture presentó su oposición a la reconsideración solicitada por el Peticionario. Así las cosas, el TPI denegó la reconsideración, mediante *Resolución*, dictada el 19 de septiembre de 2024 y notificada el 20 de septiembre de 2024.

Inconforme aún, el 21 de octubre de 2024, FirstBank acudió ante esta Curia mediante *Petición de Certiorari*. El Peticionario señaló la comisión de los siguientes errores:

> **Erró el Honorable Tribunal de Primera Instancia al no desestimar la segunda demanda enmendada cuando no existe una obligación de FirstBank frente a la parte recurrida proveniente del US Patriot Act, ni del Bank Secrecy Act.**

**Erró el Honorable Tribunal de Primera Instancia al no desestimar la segunda demanda enmendada en lo que respecta a FirstBank cuando es evidente que la reclamación está prescrita.**

**Erró el Honorable Tribunal de Primera Instancia al no desestimar la segunda demanda enmendada cuando la solicitud de *injunction* permanente es académica.**

El 31 de octubre de 2024, Mesh Suture presentó su alegato en oposición. Perfeccionado el recurso y con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

**-A-**

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC*, 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra; Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> [e]l recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de

testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. 32 LPRA Ap. V, R. 52.1.

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari*, la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para analizar el problema.
C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de

razonabilidad. *Umpierre Matos v. Juelle Albello*, 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**-B-**

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, permite a una parte que es demandada, mediante la presentación de una moción debidamente fundamentada a esos fines, solicitar la desestimación de la demanda instada en su contra. En particular, la referida regla establece que la parte demandada podrá solicitar la desestimación de la demanda en su contra por alguno de los siguientes fundamentos:

(1) Falta de jurisdicción sobre la materia.
(2) Falta de jurisdicción sobre la persona.
(3) Insuficiencia del emplazamiento.
(4) Insuficiencia del diligenciamiento del emplazamiento.
(5) Dejar de exponer una reclamación que justifique la concesión de un remedio.
(6) Dejar de acumular una parte indispensable. *Íd.*

Al respecto, el más alto foro ha expresado que, al resolverse una moción de desestimación, "*[e]l tribunal tomará como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas*". (Énfasis suplido). *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428, (2008*); Colón v. Lotería*, 167 DPR 625, (2006). Además, deberá identificar los elementos que establecen la causa de acción y las meras alegaciones concluyentes que no pueden presumirse como ciertas. *Hernández Colón* op. cit., pág. 268; *Ashcroft v. Global*, 556 US 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 US 544 (2007).

Cónsono con lo anterior las alegaciones en la demanda se tienen que interpretar "*[c]onjuntamente, liberalmente y de la forma más favorable posible para la parte demandante*" *Cruz Pérez v. Roldán Rodríguez et al.*, 206 DPR 261(2021); *López García v. López García*, 200 DPR 50, 69 (2018). En ese sentido, **la demanda no deberá desestimarse a menos que se demuestre que el demandante no tiene derecho a remedio alguno, bajo cualesquiera hechos que pueda probar**. (Énfasis suplido). *López García v. López García*, *supra.*

Luego de brindarle veracidad a las alegaciones, el tribunal deberá determinar si a base de estas, la demanda establece una reclamación plausible que justifique la concesión de un remedio al demandante a la luz de la norma establecida en *Bell Atlantic Corp. v. Twombly*, *supra.* Realizado el análisis de las alegaciones, de entender que los hechos alegados *"[n]o cumplen con el estándar de plausibilidad, el tribunal debe desestimar la demanda"*. R. Hernández Colón, op. cit.; *Ashcroft v. Global*, *supra*; *Bell Atlantic Corp. v. Twombly*, *supra.* El propósito de la doctrina es evitar *"[q]ue una demanda insuficiente proceda bajo el pretexto de que con el descubrimiento de prueba pueden probarse las alegaciones conclusorias"*. R. Hernández Colón, op. cit.; J.A. Cuevas Segarra, *Tratado de Derecho Civil*, 2da ed., San Juan, Pubs. JTS, 2011, Tomo II, pág. 529.

### III.

En síntesis, el Peticionario sostiene que, el foro primario incidió al no desestimar la demanda cuando: (1) no existe una reclamación al amparo del *Patriot Act* o el *Bank Secrecy Act*; (2) la causa de acción está prescrita, y; (3) la solicitud de *injunction* permanente es académica.

Por su parte, el Recurrido arguye que, la reclamación fue presentada como una acción de daños y perjuicios, al amparo del Código Civil. Expresa, además, que, tomando como ciertas las alegaciones de la demanda, Mesh Suture advino en conocimiento de la negligencia de FirstBank alrededor del 10 de enero de 2022 y, por tanto, a la fecha de la presentación de la demanda, la causa de acción no estaba prescrita. A su vez, Mesh Suture arguye que, la petición de *injunction* no es académica, ya que alega que existen cuentas bancarias que permanecen abiertas, a nombre de Mesh Suture. Por otra parte, el Recurrido aduce que, el recurso solicitado es improcedente, dado que el Peticionario no presentó una razón, en virtud de la Regla 40 del Tribunal de Apelaciones, *supra,* por la cual el auto de *certiorari* deba ser expedido.

Según hemos reseñado, al resolver una solicitud de desestimación bajo la Regla 10.2 (5) de Procedimiento Civil, *supra,* el tribunal deberá tomar como

ciertos todos los hechos bien alegados en la demanda. La demanda no deberá ser desestimada, a menos que se demuestre que el demandante no tiene derecho a remedio alguno.

Ahora bien, conforme surge de la *Segunda Demanda Enmendada*, la causa de acción sobre daños y perjuicios se presentó bajo el Artículo 1802 del Código Civil de 1930 y el Artículo 1536 del Código Civil de 2020. De igual manera, Mesh Suture alegó que, advino en conocimiento de la negligencia de FirstBank el 10 de enero de 2022. Asimismo, surge de la demanda que el Recurrido señaló que, a pesar de que las cuentas abiertas en enero de 2020 fueron cerradas, el Dr. Schwarz abrió otras cuentas en diciembre de 2020. Por consiguiente, tomando en consideración las alegaciones de la demanda, el foro primario denegó la desestimación solicitada por FirstBank y le ordenó al Peticionario presentar su alegación responsiva.

Examinado la totalidad del expediente ante nos, a la luz de los criterios de la Regla 40 de nuestro reglamento, *supra,* no identificamos razón por la cual esta Curia deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. Advertimos que, nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o postsentencia en los que el foro de primera instancia haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. En el caso de marras, el Peticionario no demostró que la determinación del TPI fuera arbitraria, irrazonable, contraria en derecho o producto de en abuso de discreción. Así, pues, no procede nuestra intervención en esta etapa del procedimiento. Por todo lo cual, procede denegar la expedición del auto de *certiorari* solicitado.

**IV.**

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones